1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAYMOND MARIA CORDOVA, III,          No.  2:23-cv-1226 KJN P

12                Plaintiff,

13        v.                               ORDER

14   WELLPATH HEALTHCARE, INC., et al.,

15                Defendants.

16

17        Plaintiff is a Butte County Jail inmate, proceeding pro se.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28   payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3        Plaintiff filed an amended complaint, which supersedes the original complaint.  As

4  discussed below, plaintiff's amended complaint is dismissed with leave to amend.

5  Screening Standards

6        The court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

19  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

20  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

21  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

22  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

23  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

24  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

25  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

26  McKeithen, 395 U.S. 411, 421 (1969).

27  ////

28  ////

2

1   The Civil Rights Act

2         To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal

3   constitutional or statutory right; and (2) that the violation was committed by a person acting under

4   the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d

5   930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the

6   facts establish the defendant's personal involvement in the constitutional deprivation or a causal

7   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

8   See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44

9   (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

10  for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679

11  (2009).  The requisite causal connection between a supervisor's wrongful conduct and the

12  violation of the prisoner's constitutional rights can be established in a number of ways, including

13  by demonstrating that a supervisor's own culpable action or inaction in the training, supervision,

14  or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202,

15  1208 (9th Cir. 2011).

16  Plaintiff's Allegations

17        Plaintiff names three defendants:  Wellpath, Inc., health care provider for the Butte

18  County Jail; Lt. J. Aqurkis, health care program manager at the Butte County Jail; and Sgt. L.

19  Niles, facility administrator at the Butte County Jail.  In his first claim, plaintiff claims his rights

20  under the Ninth Amendment were violated, "of certain rights shall not be construed to deny or

21  disparage," and marks the medical care box.  (ECF No. 6 at 3.)  In support, plaintiff claims that

22  Wellpath, in bad faith, along with the health care manager and others, conspired to deny plaintiff

23  medical care for his Meniere's Disease.  Plaintiff is protected by the Americans with Disabilities

24  Act ("ADA") because Meniere's Disease is listed in Section 2.07 of the "Blue Book" of the SSA.

25  Such defendants also violated ADA, Title II, subtitle A "Healthcare."  (ECF No. 6 at 3.)

26  Wellpath and Butte County Jail health care administrators have been in possession of plaintiff's

27  medical records regarding Meniere's Disease, which was diagnosed by Dr. Asafa at Ampla, a

28  rival health care company, and several medical staff at CDCR since 2012.  Plaintiff suffered

1  progression of hearing loss and other symptoms of Meniere's Disease.

2          In his second claim, plaintiff alleges that his Fourteenth Amendment rights were violated

3  by Wellpath and co-defendants' failure to fulfill their mission in providing medical care.

4  Defendants colluded to deny plaintiff proper care for his Meniere's Disease, amounting to

5  adverse action to his due process rights.  As injury, plaintiff claims that defendants' "neglect [has]

6  infringed on [his] equal protection rights resulting in adverse action in another court matter by

7  defendants' policy of treatment according to court dates."  (ECF No. 6 at 4.)

8          Plaintiff seeks money damages.

9  Discussion

10          Ninth Amendment

11          While plaintiff's reference to the Ninth Amendment is unclear, to the extent he is

12  attempting to state a claim directly under the Ninth Amendment, the amended complaint fails to

13  state a claim.  The Ninth Amendment provides that "[t]he enumeration in the Constitution, of

14  certain rights, shall not be construed to deny or disparage others retained by the people."  U.S.

15  Const. amend. IX.  However, such amendment "has never been recognized as independently

16  securing any constitutional right, for purposes of pursuing a civil rights claim."  Strandberg v.

17  City of Helena, 791 F.2d 744, 748 (9th Cir. 1986); accord Jenkins v. C.I.R., 483 F.3d 90, 93 (2d

18  Cir. 2007) ("The Ninth Amendment is not an independent source of individual rights. . . .").

19  Accordingly, plaintiff cannot state a claim under the Ninth Amendment.

20          Americans with Disabilities Act

21          Plaintiff alleges a violation of Title II of the ADA, which prohibits discrimination on the

22  basis of disability.  Lowell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the

23  Americans with Disabilities Act (ADA) provides that "no qualified individual with a disability

24  shall, by reason of such disability, be excluded from participation in or be denied the benefits of

25  the services, programs, or activities of a public entity, or be subject to discrimination by such

26  entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons.

27  Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998); see also Armstrong v.

28  Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997).  In order to state a claim under the ADA, plaintiff

1  must have been "improperly excluded from participation in, and denied the benefits of, a prison

2  service, program, or activity on the basis of his physical handicap."  Armstrong, 124 F.3d at 1023.

3        Here, plaintiff cannot state a cognizable ADA claim.  Violations based on treatment or

4  lack of treatment, including certain accommodations, do not support an ADA claim.  The ADA

5  prohibits discrimination because of disability, not inadequate treatment for a disability.  Simmons

6  v. Navajo Cty., Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010) (the ADA is not violated by prison's

7  failure to attend to medical needs of disabled prisoners), overruled on other grounds by Castro v.

8  County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (en banc); see also Bryant v. Madigan, 84

9  F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to

10  attend to the medical needs of its disabled prisoners . . . .  The ADA does not create a remedy for

11  medical malpractice.").  Also, inadequate treatment or lack of treatment for an inmate's medical

12  condition does not in itself suffice to create liability under the ADA.  Smith v. Clark Cnty., 2022

13  WL 17721004, at *5 (D. Nev. Dec. 15, 2022); Tandel v. Cty. of Sacramento, 2015 WL 1291377,

14  at *18 (E.D. Cal. Mar. 20, 2015).  Thus, plaintiff's complaint regarding lack of medical care for

15  his Meniere's Disease is not sufficient to state a claim under the ADA.  Bryant, 84 F.3d at 249

16  ("Bryant was not treated worse because he was disabled.");  Luna v. Cal. Health Care Servs., 2011

17  WL 6936399 at *5 (E.D. Cal. 2011) (prisoner's allegations of inadequate medical care do not

18  state a claim under the ADA).

19        Equal Protection Clause

20        Plaintiff also fails to state a claim under the Equal Protection Clause.  To state a claim

21  under the Equal Protection Clause for a member of a protected class, a plaintiff must demonstrate

22  that (1) he is a member of a protected class and (2) that the defendant acted with an intent or

23  purpose to discriminate against him based upon his membership in a protected class.  Barren v.

24  Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998).  A mental disability is not a quasi-suspect

25  classification.  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 442 (1985).

26  Although disabled persons do not constitute a suspect class, the Equal Protection Clause prohibits

27  irrational and invidious discrimination against them.  Dare v. Cal., 191 F.3d 1167, 1174 (9th Cir.

28  1999).  The disabled plaintiff must have been treated differently than others similarly situated, by

reason of the plaintiff's classification.  Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001).  "'Discriminatory purpose'. . . implies more than intent as volition or intent as awareness of consequences.  It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group."  Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979) (internal citation omitted).

Again, plaintiff does not allege he was denied medical care because he is disabled; rather he was denied medical care for his Meniere's Disease.  Plaintiff's allegations concern the provision of medical care do not state a cognizable Equal Protection claim.

Conspiracy

Plaintiff also claims defendants conspired to deny plaintiff medical care.  To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights.  Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989).  Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy.  Id.  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"  Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

Here, plaintiff's claim that defendants conspired to deny plaintiff medical care is entirely conclusory.  Plaintiff has not alleged any specific fact showing an agreement or meeting of the minds among the defendants to violate plaintiff's constitutional rights.  Woodrum, 866 F.2d at 1126.  As a result, the undersigned finds that the conspiracy allegation fails to state a cognizable claim against defendants.

Medical Claims

Liberally construed, plaintiff appears to contend that he is not receiving medical care or is receiving inadequate medical care for Meniere's Disease.  But because plaintiff's amended complaint includes no specific facts as to such medical care, the undersigned cannot determine

6

whether plaintiff can state a cognizable civil rights claim as to a particular defendant.  Further, because plaintiff also mentions the CDCR, it is unclear whether plaintiff is a pretrial detainee or was convicted but is serving his sentence in the county jail.  Therefore, plaintiff is provided the standards governing both Eighth and Fourteenth Amendment claims.  Plaintiff is granted leave to file an amended complaint; if he is a pretrial detainee, he should address the required elements under the Fourteenth Amendment.  If he was convicted at the time of the alleged violations, he should address the required elements under the Eighth Amendment.  Plaintiff is cautioned that he must identify the defendant who failed to provide such care, and how that person's actions violated plaintiff's constitutional rights.

A. Legal Standards:  Pretrial Detainee

If plaintiff is a pretrial detainee, his claim of inadequate medical care arises under the Fourteenth Amendment and is evaluated under an objective deliberate indifference standard.  See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc)).  The elements of such a claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."  Gordon, 888 F.3d at 1125 (citing Castro, 833 F.3d at 1071).

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'"  Gordon, 888 F.3d at 1125 (quoting Castro, 833 F.3d at 1071 (quoted sources omitted)).

Moreover, a defendant's "mere lack of due care" is insufficient to state a Fourteenth Amendment claim.  Castro, 833 F.3d at 1071 (citations omitted).  "Thus, the plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard.'"  Gordon, 888 F.3d at 1125 (citing Castro, 833 F.3d at 1070).  Therefore, gross negligence, a

7

1  difference in medical opinion, medical malpractice, or misdiagnosis does not establish a

2  constitutional violation.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice

3  does not become a constitutional violation merely because the victim is a prisoner."); Gordon,

4  888 F. 3d at 1124-25 (a pretrial detainee must show more than a lack of due care or negligence.)

5      Finally, the delay of, or interference with, medical treatment for a serious medical need,

6  however, can amount to deliberate indifference.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

7  2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991), overruled on other

8  grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).  The inmate

9  must show harm resulting from the delay.  Id.

10      B. Legal Standards:  Eighth Amendment

11      A convicted prisoner's claim of inadequate medical care does not constitute cruel and

12  unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the

13  level of "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096

14  (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  Deliberate indifference

15  may be shown by the denial, delay, or intentional interference with medical treatment or by the

16  way in which medical care is provided.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.

17  1988). The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious

18  medical need' by demonstrating that failure to treat a prisoner's condition could result in further

19  significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's

20  response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096.  A defendant does not

21  act in a deliberately indifferent manner unless the defendant "knows of and disregards an

22  excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

23      Negligence allegations are insufficient.  Deliberate indifference "requires more than

24  ordinary lack of due care."  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting

25  Farmer, 511 U.S. at 835).  The indifference to the prisoner's medical needs must be substantial --

26  negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of

27  a constitutional violation.  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence

28  constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

8

Leave to Amend

Because plaintiff's amended complaint fails to state cognizable claims for relief, the amended complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague, and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files a second amended complaint, the prior pleadings no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Butte County filed concurrently herewith.

1    3. Plaintiff's amended complaint is dismissed.

2    4. Within thirty days from the date of this order, plaintiff shall complete the attached

3  Notice of Amendment and submit the following documents to the court:

4        a.  The completed Notice of Amendment; and

5        b.  An original of the Second Amended Complaint.

6  Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act,

7  the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended

8  complaint must also bear the docket number assigned to this case and must be labeled "Second

9  Amended Complaint."

10    Failure to file a second amended complaint in accordance with this order may result in the

11  dismissal of this action.

12    5. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by

13  a prisoner.

14  Dated:  February 5, 2024

15

16                                    KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

17  /cord1226.14n

18

19

20

21

22

23

24

25

26

27

28

10

1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAYMOND MARIA CORDOVA, III,          No. 2:23-cv-1226 KJN

                    Plaintiff,
12

13          v.                            NOTICE OF AMENDMENT

14   WELLPATH HEALTHCARE, et al.,

                    Defendants.
15

16          Plaintiff hereby submits the following document in compliance with the court's order

17   filed_____.

18                _____      Second Amended Complaint

19   DATED:

20

21                                   _____
                                     Plaintiff
22

23

24

25

26

27

28

                                          1